UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DONALD FRANCIS, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:12CV0104 JAR |
| ) | |
| NORANDA ALUMINUM, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Summary Judgment of Noranda Aluminum, Inc. (ECF No. 26). This matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Donald Francis ("Plaintiff")[1] was employed at Noranda Aluminum Inc.'s ("Noranda") aluminum smelting plant in New Madrid, Missouri from 1982 until 2002. (Complaint ("Compl."), ECF No. 1, ¶¶9-10). On June 2, 2008, Plaintiff, with the assistance of his workers' compensation attorney, Jay R. York, filed a "Claim for Compensation" with the Missouri Department of Labor and Industrial Relations' Missouri Division of Workers' Compensation (hereafter "Division of Workers' Compensation"), alleging that he had developed chronic beryllium disease (CBD), diagnosed on March 8, 2006. (Statement of Uncontroverted Material Facts in Support of Motion of Noranda Aluminum, Inc. for Summary Judgment ("SOF"), ECF No. 28-2, ¶1). On his claim form, Plaintiff identifies the part of the body injured as:

> WHOLE BODY (BLOOD SYSTEM, RESPIRATORY SYSTEM, IMMUNE SYSTEM); CHRONIC BERYLLIUM DISEASE--OCCUPATIONAL DISEASE

(SOF, ¶2). Plaintiff's claim form also stated:

---

[1] "Plaintiff" refers to Donald Francis; "Plaintiffs" refers to Donald and Sondra Francis.

CLAIM IS HEREBY MADE FOR ALL COMPENSATION AS PROVIDED IN MISSOURI WORKERS' COMPENSATION LAW RELATING TO INJURY (OR DEATH) OF THE EMPLOYEE BY ACCIDENT ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT.

(SOF, ¶3).

Plaintiff's workers' compensation claim remains active. (SOF, ¶4). Over the past four years, Noranda has paid, and Plaintiff has accepted, workers' compensation benefits totaling $70,930.61, which includes medical care, pharmacy costs, and out-of-pocket travel expenses. (Id.).

On April 16, 2012, Plaintiffs filed this diversity action in federal court asserting common law negligence and loss of consortium claims. (SOF, ¶5). Plaintiff claims that he was exposed to beryllium during his 20 years of employment and to have developed CBD as a result. (Compl., ¶12).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986); Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. Id. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex Corp., 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477

- 2 -

U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of its pleading. Anderson, 477 U.S. at 258.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Celotex Corp., 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" Torgerson, 643 F.3d at 1042 (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)).

## DISCUSSION

Noranda asserts that the Court should enter summary judgment in its favor for two reasons. (Memorandum in Support of Motion of Noranda Aluminum, Inc. for Summary Judgment ("Memorandum"), ECF No. 27, p. 1). First, Noranda asserts that the Missouri Workers' Compensation Act (the "Act") provides Plaintiffs' exclusive remedy for the claimed injury. See Mo.Rev.Stat. §287.102.2. Noranda claims that Plaintiffs are judicially estopped from denying that the Act provides their exclusive remedy because Plaintiff took the opposite position in filing his workers' compensation case and seeking benefits under the Act. (Memorandum, p. 1). As a second basis, Noranda contends that Plaintiff should be bound by his election to pursue the statutory remedy under the Act and, therefore, be barred from pursing common law tort claims in this lawsuit. Because the second basis is dispositive of this case, the Court will not address the judicial estoppel argument.

### I. Election of Remedies

The doctrine of election of remedies has long been recognized in Missouri law and is defined as follows:

> "Election is simply what the term imports- a choice shown by an overt act between two or more inconsistent rights, either of which may be asserted at the will of the chooser alone. * * * The doctrine is applicable where an aggrieved party has two remedies by which he may enforce inconsistent rights growing out of the same transaction and, being cognizant of his legal rights and of such facts as will enable him to make an intelligent choice, brings his action by one of the methods. Under such circumstances, the law says he shall not thereafter adopt the alternate remedy, for a suitor cannot pursue a remedy which predicates his case upon one theory of right and thereafter seek a remedy inconsistent with such prior proceeding." 18 Am.Jur., Election of Remedies, § 3, pp. 129, 130.

Berger v. Mercantile Trust Co., 352 S.W.2d 644, 647 (Mo. 1961); Twin City Fed. Sav. & Loan Ass'n v. Transamerica Ins. Co., 491 F.2d 1122, 1124-25 (8th Cir. 1974). "The purpose of the doctrine of election of remedies is not to prevent recourse to any remedy, but to prevent double redress for a single wrong." Twin City Fed. Sav. & Loan Ass'n, 491 F.2d at 1124-25 (citing 25 Am.Jur.2d Election of Remedies, § 1, p. 647 (1966)).

Noranda asserts that Plaintiff's acceptance and retention of workers' compensation benefits constitutes an election which precludes a common law tort action based upon the same facts. (Memorandum, p. 9). Noranda asserts that "the record here establishes Mr. Francis made an informed election to pursue his remedy through the workers' compensation system, and he should be barred from pursuing his common law claims here." (Memorandum, p. 11).

In response, Plaintiffs note that there has been no final judgment or award in Plaintiff's claim for workers' compensation. (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Response"), ECF No. 29, p. 6). Plaintiffs contend that there can be no election of remedies where Plaintiff has not received full satisfaction for his CBD injury. (Id.). In addition, Plaintiffs claim that there can be no "double recovery" because the Act has built-in statutory protections to prevent "double recovery" and ensure that Noranda is reimbursed for any

sums paid out pursuant to the Act if Plaintiffs recover in the instant case.  (Id., p. 7 (citing Missouri Highway & Trans. Comm'n v. Merritt, 204 S.W.3d 278, 282 (Mo. Ct. App. 2006)).[2]

The Court finds Noranda's argument persuasive.  In State ex rel. KCP & L Greater Missouri Operations Co. v. Cook, 353 S.W.3d 14 (Mo. Ct. App. 2011), the Missouri Court of Appeals held that Workers' Compensation Law does not provide the exclusive remedy for occupational diseases. "Section 287.120.1 explicitly states that the Workers' Compensation Law provides the exclusive remedy only for claims 'for personal injury or death of the employee *by accident.*'"  Id. at 21 (emphasis in original).[3]  The Missouri Court of Appeals held that,  under the 2005 amendments to the Workers' Compensation Law and the definition of "accident," "the obvious intent of the to §

---

[2]In its Reply, Noranda asserts that Merritt is not on point because it did not address election of remedies.  (Reply in Support of Motion of Noranda Aluminum, Inc., for Summary Judgment, ECF No. 31, p. 8).  Noranda contends that Merritt involves the availability of claims against third parties and does not implicate an employee's election to pursue workers' compensation.  (Id., pp. 8-9).

[3]As explained in State ex rel. KCP & L Greater Missouri Operations Co. v. Cook, 353 S.W.3d 14, 18 (Mo. Ct. App. 2011):

The Workers' Compensation Law distinguishes between two general categories of compensable injuries: (1) injuries by accident; and (2) injuries by occupational disease. The Act specifies that an "accident" "shall mean an unexpected traumatic event or unusual strain identifiable by time and place of occurrence and producing at the time objective symptoms of an injury caused by a specific event during a single work shift." § 287.020.2. "An injury by accident is compensable only if the accident was the prevailing factor in causing both the resulting medical condition and disability." § 287.020.3(1).

On the other hand, "unless a different meaning is clearly indicated by the context," an "occupational disease" is defined as "an identifiable disease arising with or without human fault out of and in the course of the employment." § 287.067.1. "An injury by occupational disease is compensable only if the occupational exposure was the prevailing factor in causing both the resulting medical condition and disability." § 287.067.2.

287.067.2 was to separate the compensability of occupational disease claims from §§ 287.020.2 and .3 which are the statutory provisions which define 'accident' and 'injury.'" Id. at 24.  Thus, the intent of the Court of Appeals was to expand the remedies available to victims of occupational injuries and allow them to pursue their claims in circuit court.  Id. at 21.

Although the purpose of the 2005 amendments to the Workers' Compensation Law was to expand the remedies available to victims of occupational disease, Noranda utilizes this statutory revision and the resulting case law to argue that Plaintiffs' claims are barred based upon Plaintiff's election of remedies.  The Eighth Circuit appears to agree with Noranda's interpretation of Missouri Workers' Compensation Law under these circumstances.

In a recent case, the Eighth Circuit tangentially addressed election of remedies in a similar situation in Donner v. Alcoa, Inc., No. 12-1415, 2013 WL 811606 (8th Cir. Mar. 6, 2013).  Plaintiff Donner brought suit in Missouri state court against aluminum manufacturer Alcoa stating claims for (a) strict liability—design defect; (b) strict liability—failure to warn; (c) negligent design and failure to warn; and (d) a loss of consortium claim on behalf of his wife. Id., at *1.  The suit was removed to federal court under diversity jurisdiction.  Id.  Thereafter, Donner sought to voluntarily dismiss his action under Rule 41(a)(2) of the Federal Rules of Civil Procedure so that he could refile his claim in state court and add Donner's employer and Missouri resident, Western Forms.  Id.  Alcoa opposed the motion arguing, among other things, that Donner's claim against Western Forms was barred by Missouri's election of remedies doctrine.  Id., at *2.  Alcoa stated that Donner's attempt to add Western Forms "was improper because Donner had already received workers' compensation benefits for his injuries and therefore Missouri's election of remedies doctrine would bar a tort suit against Western Forms." Id.

The Eighth Circuit noted that "[u]nder Missouri's election of remedies doctrine, '[a]n injured employee who has accepted benefits paid by his employer in compliance with the [workers']

compensation action cannot maintain a tort action against his employer.' Ballinger v. Gascosage Elec. Corp., 788 S.W.2d 506, 516 (Mo.1990), overruled on other grounds by Zueck v. Oppenheimer Gateway Props., 809 S.W.2d 384 (Mo.1991); see also Neff v. Baiotto Coal Co., 361 Mo. 304, 234 S.W.2d 578, 580 (Mo.1950) (indicating a plaintiff's election to receive monthly workers' compensation benefits as well as hospital and medical benefits precluded the maintenance of a tort action against his employer for personal injuries suffered on the job)." Donner, 2013 WL 811606, at *3. The Eighth Circuit emphasized that, under Neff, it was the "*receipt* of workers' compensation benefits, not the presence of a final award or judgment, that triggered application of the election of remedies doctrine." Donner, 2013 WL 811606, at *3 (citing Neff, 234 S.W.2d at 580); see also Ballinger, 788 S.W.2d at 515 ("Plaintiff's retention of the compensation benefits constitutes an election precluding the maintenance of the 'inconsistent' tort action."). The Eighth Circuit ultimately remanded the action for the district court to inquire if Donner "presented a proper explanation for its desire to dismiss." Donner, 2013 WL 811606, at *4 (citing Thatcher v. Hanover Ins. Group, Inc., 659 F.3d 1212, 1213 (8th Cir. 2011)). As part of the remand, the district court was to consider whether the election of remedies doctrine would bar Donner's proposed claims against Western Form. Id., at *4. In dicta, the Eighth Circuit concluded that "it is clear to us the [election of remedies] doctrine applies." Id., at *4.

Based upon the Missouri and Eighth Circuit precedent, the Court finds that Plaintiffs' claims are barred by the election of remedies. Here, Plaintiff's receipt of workers' compensation benefits demonstrates an election of remedies. The fact that Plaintiff has received no final judgment or award for workers' compensation is insufficient to preclude summary judgment where he has received and retained over $70,000.00 in workers' compensation benefits. Moreover, Noranda states that Plaintiff's workers' compensation claim remains active and he continues to receive

benefits.  (SOF, ¶4).  Thus, Plaintiff clearly received (and is receiving) benefits through workers' compensation that preclude recovery in this tort action.

Accordingly,

**IT IS HEREBY ORDERED** that  the Motion for Summary Judgment of Noranda Aluminum, Inc. [26] is **GRANTED**.

An appropriate Judgment is filed herewith.

Dated this 15th day of March, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE